UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAURA WEEDMAN                                        PLAINTIFF

v.                                        CIVIL ACTION NO. 3:19-CV-80-CRS

OFFICER MATT JOHNSON                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Laura Weedman initiated this *pro se* civil action. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss this action.

**I.**

Plaintiff initiated this action by filing a general civil complaint form. She names as Defendant Officer Matt Johnson of the Bullitt County Police Department.

In the section of the form which asks the filer to state the basis for federal jurisdiction, Plaintiff writes: "Officer gave false information to the grand jury to get an indictment on my husband []."

Plaintiff states that the "amount in controversy" is "$22,000 for unnecessary 11 days in jail plus for drug test and for mental anguish for my husband being away from me and our family."

In the "Statement of Claim" section Plaintiff writes:

Due to Defendant [] falsely arresting my husband and daughter in a vehicle not in either one of their names I had to be taken away from them for 11 days. I inquired multiply harships . . . . [Defendant] got my daughter [] out first which was passenger wanting to search car which was not hers and then just told my husband to get out he was searching the car. My husband [] borrowed the car to take my grandkids back to their foster parents. He borrowed the car from [] the father of the children he was taking back . . . This case has been going on since Oct. 21, 2017, and just keeps getting laid over. This has caused me and my husband not to

be able to see our grandchildren for almost a year now. My husband still on bond has never failed a drug test.

In the "Relief" section of the complaint form, Plaintiff states: "That these charges be dropped against my husband [] and get $12,000.00 for him being in jail for 11 days get reimbursed for all drug test and $10,000 for being away from me and pain and suffering."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e)(2). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff seems to be suing Defendant Johnson for violations of her husband's constitutional rights under 42 U.S.C. § 1983. However, the Sixth Circuit has held that "a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Foos v. City of Delaware*, 492 F. App'x 582, 592 (6th Cir. 2012) (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000); *see also Alderman v. United States*, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted."). The Sixth Circuit has also specifically held that "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Id*. at 593 (quoting *Claybrook*, 199 F. 3d at 357). "Those kinds of injuries are appropriately raised in a state tort law cause of action." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010). Finally, the Sixth Circuit has held that § 1983 does not provide a plaintiff a remedy for deprivation of the "right to familial relationships." *Foos*, 492 F. App'x at 593; *see also Lefever v. Ferguson*, 645 F. App'x 438, 448 (6th Cir. 2016) (holding that a son failed to state a cognizable claim for a collateral injury under § 1983 where he alleged that "defendants violated his right to familial integrity by trampling *his mother's* constitutional rights leading to her wrongful conviction"). Based upon this jurisprudence, the Court finds that Plaintiff's

constitutional claims must be dismissed for failure to state a claim upon which relief may be granted.

In addition, because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be bringing. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). The state-law claims, therefore, will be dismissed without prejudice.

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: March 29, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4411.011

4